IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-CR-00024-RJC

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| JAMEL WATSON | ) |
| | ) |

**THIS MATTER** is before the Court upon the defendant's motion to revoke a detention order following his guilty plea, pursuant to 18 U.S.C. § 3145(b) and (c), and his letter requesting home detention pending sentencing. (Doc. Nos. 188, 235). For the reasons stated below, the Court will affirm the detention order.

The defendant pled guilty to possessing cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 150: Plea Agreement at 2; Doc. No. 160: Entry and Acceptance of Guilty Plea). The magistrate judge who accepted the plea as knowing and voluntary later conducted a detention hearing and determined that the defendant should remain detained pending sentencing. The instant motion challenges that decision.

A district court is required to make an independent, de novo determination when acting on a motion to revoke or amend a magistrate judge's pretrial detention order. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001) (citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992). However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989).

The Court has conducted a de novo review of the evidence presented before the magistrate judge and the entire record in this case and finds the magistrate judge's decision to

detain the defendant was correct. The proof offered by the defendant fell well below that required to clearly establish "exceptional reasons why . . . detention would not be appropriate." 18 U.S.C. § 3145(c). The nature of offense, including multiple drug and counterfeit drug sales, and the characteristics of the defendant, including the fact that he was on probation for a state court drug offense when he engaged in the instant conduct, rightly supported his detention. Additionally, the factors alleged at the hearing following entry of his guilty plea are not "clearly out of the ordinary, uncommon, or rare," as required by § 3145(c).[1] See United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (considering factors such as medical needs and risks from being in custody). Thus, the Court finds that the defendant was properly detained after entry of his guilty plea.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 188), to revoke the magistrate judge's detention order is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: July 30, 2015

Robert J. Conrad, Jr.
United States District Judge

---

[1] Counsel's estimated sentence, (Doc. No. 188: Motion at 1-2), is merely a prediction of what the guideline range may be since the parties' stipulations are not binding on the Court, (Doc. No. 150: Plea Agreement at 2), and the Presentence Report has not been filed.